IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ROSITA SAYER | § |
| | § |
| V. | § |
| | §   A-06-CA-936 LY |
| MICHAEL J. ASTRUE, | § |
| COMMISSIONER OF THE | § |
| SOCIAL SECURITY ADMINISTRATION | § |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint and Incorporated Memorandum of Points and Authorities (Clerk's Dkt. No. 10).

Defendant argues that Plaintiff's suit appealing the final decision of the Commissioner (Defendant) must be dismissed for lack of jurisdiction for failure to timely file the cause of action. After the Appeals Council of the Social Security Administration enters a final judgment in a case, *see* 20 C.F.R. § 422.210, a claimant has sixty days in which to file an appeal of that decision in the federal district court with jurisdiction over that claim. *Id.*; *see also Sealy v. Shalala*, 871 F. Supp. 612, 612-13 (S.D.N.Y. 1994). By all accounts, Plaintiff received the Appeal Council's final decision on August 30, 2006. *See* Plaintiff's Original Complaint at 1 (Clerk's Doc. No. 4). However, Plaintiff did not file her complaint until November 28, 2006. *Id.*[1] It is true that the section allows for Plaintiffs to be granted an extension of the 60 day deadline for good cause, but Plaintiff failed

---

[1] Puzzlingly, the Plaintiff still represented to the Court that her Complaint had been filed within the requisite 60 days. This is of course incorrect. Even granting Plaintiff five days from August 30, 2006 for receipt of the order, as provided in 20 C.F.R. § 422.210(c), she would still be well past the timely filing deadline, as can be seen in what follows.

to request that. *See Sealy*, 871 F. Supp. at 612 (pointing the circumstances where a claimant may be granted an extension).

It is also worth noting that Plaintiff, a frequent advocate in this Court who (the Court can only assume) is well aware of the Local and Civil Procedure Rules, has failed to respond to Defendant's motion in any manner. Defendant's motion was filed on February 9, 2007. Rule CV-7(d) of the Local Rules for this District state in relevant part: "If any party opposes a motion, the respondent shall file a response and supporting documents as are then available within eleven (11) days of service of service of the motion . . . . If there is no response filed within the time period prescribed by this rule, the Court may grant the motion as unopposed." W. DIST. LOC. R. CV-7(d). Rule 6(e) of the Federal Rules of Civil Procedure provides that unless a copy of the filing is hand-delivered, the non-movant shall have three additional days to file her response. FED. R. CIV. P. 6(e). Excluding February 19, 2007 (President's Day, during which the Courthouse was closed), eleven days after February 9, 2007, was February 20, 2007. Three additional days after that would have been Friday, February 23, 2007. Today is now February 28, 2007, a full eighteen days after Defendant filed his Motion to Dismiss, and Plaintiff has failed to respond to the Motion to Dismiss. Accordingly, the Court may treat the motion as unopposed. *See* W. DIST. LOC. R. CV-7(d). Thus, because the motion is unopposed, and is meritorious, it should be granted.

## IV.  RECOMMENDATION

Based on the above, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss (Clerk's Doc. No. 10).

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 28th day of February, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE